FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARISSA B. G.,<br><br>              Plaintiff,<br><br>  -vs-<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>              Defendant. | No.   2:23-CV-0197-WFN<br><br>ORDER |

Carissa B. G. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Victoria B. Chhagan represents Plaintiff. Special Assistant United States Attorney David J. Burdett represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision and remands for further proceedings.

## JURISDICTION

Plaintiff applied for Supplemental Security Income on February 21, 2017, alleging disability beginning on February 1, 2016. Tr. 192–200. Plaintiff later amended her alleged onset date to September 6, 2017. Tr. 45–46. The application was denied initially, Tr. 86–99, and on reconsideration, Tr. 100–18. Administrative Law Judge [ALJ] Stewart Stallings held

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

a hearing on January 7, 2019, Tr. 39–85, and issued an unfavorable decision on March 1, 2019, Tr. 16–38. The Appeals Council denied review on May 15, 2020. Tr. 5–10. On October 26, 2021, the United States District Court remanded the matter for further proceedings pursuant to the parties' stipulation. Tr. 1520–28. ALJ Stallings held another hearing on February 15, 2023, Tr. 1428–67, and issued another unfavorable decision on April 6, 2023, Tr. 1407–36. The ALJ's April 2023 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 12, 2023. ECF No. 1.

## FACTS

Plaintiff was born in 1979 and was 38 years of age as of her alleged onset date. Tr. 45-46, 193. She completed high school and some college, Tr. 47–48, and has some past work as a kitchen helper, Tr. 49. Plaintiff alleges disability based on anxiety, depression, insomnia, and bipolar disorder. Tr. 52–53.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting

ORDER - 2

evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 6, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 1407–36.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 1413.

At step two, the ALJ determined Plaintiff had the following severe impairments: "degenerative joint disease of the bilateral shoulders, status[]post[-]surgery; obesity; depressive disorder; anxiety disorder; personality disorder; and polysubstance use disorder." *Id.*

At step three, the ALJ found Plaintiff met the criteria of Section 12.08 when including her substance abuse. Tr. 1414. The ALJ also found that Plaintiff did not have an impairment

ORDER - 3

or combination of impairments that met or medically equaled the severity of one of the listed impairments when not including substance abuse. Tr. 1414–15.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found that without substance use she could

> perform sedentary work . . . except she can never climb ladders, ropes, or scaffolds; can occasionally [climb] ramps and stairs, stoop, crouch, kneel, and crawl; can rarely (defined as 15% of the workday) reach overhead bilaterally; can never be exposed to moving dangerous machinery or unprotected heights; can understand, remember, and carry out simple, routine, and repetitive tasks; requires a low[-]stress environment, which is defined as no production pace work, conveyor belt work, or non-worker controlled pace tasks, in a predictable work environment; and can have no more than brief and superficial interaction with the public, co-workers, and supervisors though contact with supervisors may increase occasionally when necessary for training.

Tr. 30.

At step four, the ALJ found Plaintiff would be unable to perform past relevant work with or without substance use. Tr. 1426.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform without substance use. Tr. 1426–27. The ALJ specifically identified the representative occupations of mail-room clerk, marking clerk, and tagger. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act since the alleged onset date. Tr. 1427.

**ISSUE**

The question presented is whether this matter should be remanded for an award of benefits or for further proceedings. The parties agree that the ALJ erred and that the matter must be remanded. ECF No. 13 at 2. They disagree on the nature of the remand.

ORDER - 4

# DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinion evidence, (2) finding there was a significant number of jobs in the national economy that Plaintiff could perform, and (3) concluding that substance abuse was material to Plaintiff's disability. ECF No. 8 at 1–2, 6–20. Plaintiff argues the matter should be remanded for an immediate award of benefits because the ALJ determined Plaintiff was disabled but erroneously concluded Plaintiff's substance abuse materially contributed to her disability. *Id.* at 20–21. Defendant concedes the ALJ erred but argues the matter should be remanded for further proceedings because there is conflicting evidence in the record regarding whether Plaintiff is disabled. ECF No. 13 at 8.

If the ALJ's decision is not supported by substantial evidence, the proper course is to remand for further proceedings except in rare circumstances. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Remand for an immediate award of benefits is only appropriate if no outstanding issues remain and it is clear from the record that the claimant is disabled. *See id.* at 1100–02. A matter may not be remanded for an immediate award of benefits if there are conflicts, gaps, or ambiguities in the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2014). Errors in the ALJ's decision do not entitle a claimant to benefits. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, the evidence regarding whether Plaintiff is disabled is in conflict. While there was medical evidence that would support a finding of disability, there was contrary evidence as well. Most significantly, there are medical opinions and prior administrative medial findings in the record that could support a finding of non-disability. *See* Tr. 58–69, 86–98, 100–17, 275, 1497–1516. Notably, Nancy Winfrey, Ph.D., testified at the hearing and provided an opinion that supports the ALJ's conclusion. Tr. 1497–1516. Her opinion appears to conflict with those of Thomas Genthe, Ph.D., Kristen Sobkowiak, M.H.P., and John Arnold, Ph.D. *Compare id.*, *with* Tr. 831–35, 1361–64, 1822–23. Plaintiff argues that Dr. Winfrey's opinion should receive less

ORDER - 5

weight than those opinions supporting a finding of disability. ECF No. 8 at 7–18. But "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008); *see also Parra v. Astrue*, 4818 F.3d 742, 750 (9th Cir. 2007) ("Generally, questions of credibility and resolution of conflicts in the testimony are functions solely for the agency."). Because the record does not clearly establish Plaintiff is disabled, the matter be remanded for further proceedings. *See Treichler*, 775 F.3d at 1100–02.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error and that the matter should be remanded for further proceedings. The Court has reviewed the briefs and the file and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed November 28, 2023, **ECF No. 8**, is **DENIED.**

2. Defendant's Brief, filed January 23, 2024, **ECF No. 13**, is **GRANTED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order. On remand, the ALJ shall

    (a) Reassess the evidence, including the medical evidence and Plaintiff's statements, as necessary;

    (b) Offer Plaintiff the opportunity for a new hearing;

    (c) Obtain supplemental vocational expert testimony to determine whether there are jobs in significant numbers in the national economy that Plaintiff could perform;

    (d) Take any other actions necessary to complete the administrative record;

    (e) Make a new determination regarding Plaintiff's RFC;

    (f) and issue a new decision.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

ORDER - 6

1     **DATED** this 24th day of April, 2024.

04-15-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7